## Case No. 16,381.

UNITED STATES v. STATE NAT. BANK OF MINNEAPOLIS.

[1 McCrary, 183.] [1]

Circuit Court, D. Minnesota. 1874.

INTERNAL REVENUE TAX ON BANK DIVIDENDS— ACT OF CONGRESS CONSTRUED.

1. Under the legislation of congress (16 Stat. 260), national banks are liable to a penalty for failing to make a return of dividends declared, etc., during the period between July 1 and December 30, 1870.

2. Said dividends, etc., are subject to a tax of two and one-half per centum during said period.

This suit is brought against the defendant to enforce a penalty of one thousand dollars, for failure to make a return of the dividends declared, additions to its surplus fund, and profit and loss accounts. The dividends and additions to the several funds are alleged to be from earnings, income, and gains, made during the period of time between July 1, 1870, and December 30, 1870. Repeated demands by the assessor for a list and return thereof, and refusal by the president and

[1] [Reported by Hon. Geo. W. McCrary, Circuit Judge, and here reprinted by permission.]

cashier of the bank, are alleged. The defendant interposes a demurrer. The penalty is claimed under the sixteenth section of the act of congress of July 14, 1870, entitled "An act to reduce internal revenue taxes, and for other purposes" (16 Stat. 260, 261), for a failure to make the return of earnings, income and gains, and payment of the taxes imposed thereon by the fifteenth section of the same act. Section 15 enacts: "That there shall be levied and collected for and during the year eighteen hundred and seventy-one, a tax of two and one-half per centum upon the amount of all interest or coupons paid on bonds or other evidences of debt issued and payable in one or more years after date, by any of the corporations in this section hereinafter enumerated, and on the amount of all dividends of earnings, income or gains hereafter declared, by any bank, trust company, savings institution, insurance company, railroad company, canal company, turnpike company, canal navigation company, and stock-water company, whenever and wherever the same shall be payable, and to whatsoever person the same may be due, including nonresidents, whether citizens or aliens, and on all undivided profits of any such corporation which have accrued and been earned and added to any surplus, contingent, or other funds; and every such corporation having paid the tax as aforesaid, is hereby authorized to deduct and withhold from any payment on account of interest, coupons and dividends, an amount equal to the tax of two and one-half per centum on the same; and the payment to the United States, as provided by law, of the amount of tax so deducted from the interest, coupons and dividends aforesaid, shall discharge the corporation from any liability for that amount of said interest, coupons or dividends, claimed as due to any person, except in cases where said corporations have provided otherwise by an express contract: provided that the tax upon dividends of insurance companies shall not be deemed due until such dividends are payable either in money or otherwise; and that the money returned by mutual insurance companies to their policy holders, and the annual or semi-annual interest allowed or paid to the depositors in savings banks or savings institutions, shall not be considered as dividends; and that when any dividend is made, or interest as aforesaid is paid, which includes any part of the surplus or contingent fund of any corporation which has been assessed and the tax paid thereon, or which includes any part of the dividends, interest or coupons received from other corporations whose officers are authorized by law to withhold a per centum on the same, the amount of tax so paid on that portion of the surplus or contingent fund, and the amount of tax which has been withheld and paid on dividends, interest, or coupons, so received, may be deducted from the tax on such dividend or interest." Section 16 enacts: "That every per-

son having the care or management of any corporation liable to be taxed under the last preceding section, shall make and render to the assessor or assistant assessor of the district in which such person has his office for conducting the business of such corporation, on or before the tenth day of the month following that in which any dividends or sums of money become due or payable as aforesaid, a true and complete return, in such form as the commissioner of internal revenue may prescribe, of the amount of income and profits and of taxes aforesaid; and there shall be annexed thereto a declaration of the president, cashier, or treasurer of the corporation, under oath, that the same contains a true and complete account of the income and profits and of the taxes as aforesaid. And for any default in the making or rendering of such return, with such declaration annexed, the corporation so in default shall forfeit, as a penalty, the sum of $1,000; and in case of any default in making or rendering said return, or of any default in the payment of the tax as required, or of any part thereof, the assessment and collection of the tax and penalty shall be in accordance with the general provisions of law in other cases of neglect and refusal."

W. W. Billson, U. S. Dist. Atty.

Lochran, McNair & Gilfillan, for defendant.

Before DILLON, Circuit Judge, and NELSON, District Judge.

NELSON, District Judge. The seventeenth section of the act of July 14, 1870 (16 Stat. 261), provided for the tax upon the earnings, income and profits of the defendant during the month of July, 1870, at the rate of five per centum; and the fifteenth section of the same act reduced this tax to two and one-half per centum, and limited its continuance during the remaining portion of the year 1870 and the year 1871. There can be no doubt in our opinion in regard to the effect of the fifteenth section. The language is plain and unmistakable. The defendant's counsel admit that this section imposed the tax at two and one-half per centum for the year 1871, but deny that the language used imposing the tax "on the amount of all dividends of earnings, income, or gains hereafter declared by any bank," etc., has the effect of imposing this two and one-half per centum tax upon the dividends declared, or undivided profits added to any funds, after August 1, 1870, and before the expiration of the year. In our opinion this view is not correct. The word "hereafter" refers to a time after the passage of the act; any other limitation or qualification would render this word, according to the context, meaningless.

The defendant's counsel urge that, inasmuch as the first clause of the section enacts "that there shall be levied and collected for the year 1871, a tax," etc., it excludes the idea that any tax could be levied and collected in the year 1870. Admit that such is the case, and still there is no inconsistency in the subsequent phraseology of the section. A tax could certainly be levied and collected in 1871, upon the earnings, income, etc., of 1870. This section fixed the period when the tax ceased, and imposed it upon the earnings, income and profits of certain institutions during the years 1870 and 1871.

In the language of Mr. Justice Miller in Stockdale v. Insurance Co. [20 Wall. (87 U. S.) 323], when considering the act of 1870: "It repealed several sections of the internal revenue law absolutely. It fixed a period in the future for the cessation of others, and it reduced the income tax in a certain class of cases from five to two and one-half per centum, and provided for its continuance through the years 1870 and 1871, at the end of which all income tax was to cease." If there was any ambiguity of language used in this section, and we should examine it in the light of all the surrounding legislation upon the subject of taxation of the earnings, income and gains of banks, and other institutions therein named, there could be no satisfactory reason assigned, or explanation given, why congress, having imposed the taxes up to August 1, 1870, should rescind them for the remaining portion of the year 1870, and renew them during the year 1871. The complaint states facts sufficient to show a failure to make a list or return, which, if true, would entitle the government to recover the penalty denounced by the act.

The demurrer is overruled with leave to answer in twenty days after notice of this decision or judgment. Ordered accordingly.